IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Furman Thompson, ) | |
| ) | |
| Petitioner, ) | Case No. 8:10-2103-DCN-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden of McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 11.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 11, 2010. [Doc. 1.] On September 30, 2010, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 11, 12.] On October 18, 2010, Petitioner filed a response in opposition to Respondent's motion for summary judgment. [Doc. 15.] Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the

Clerk of Court for Greenville County. On August 17, 2004, Petitioner was indicted for first degree burglary and attempted armed robbery. [App. 426–29.] He was represented by Ernest Hamilton ("Hamilton") at trial. [App. 1.] On July 14, 2005, Petitioner was found guilty as indicted and sentenced to twenty years for first degree burglary and ten years for attempted armed robbery to run concurrent. [App. 305, 309–10.]

**Direct Appeal**

Petitioner filed a direct appeal, asserting the trial court erred "by failing to direct a verdict of acquittal where the state failed to present any direct or substantial circumstantial evidence to show that appellant was guilty of first-degree burglary or attempted armed robbery, either as a principal or as an accomplice." [App. 319.] Petitioner was represented by Eleanor Duffy Cleary on appeal. [App. 316.] In an opinion filed June 18, 2007, the South Carolina Court of Appeals affirmed Petitioner's conviction. [Doc. 18-6.] The remittitur was issued on July 11, 2007. [Doc. 12-5.]

**PCR Proceedings**

Petitioner filed a pro se application for post-conviction relief ("PCR") on October 18, 2007 [App. 362–68], alleging ineffective assistance of counsel [App. 363]. As supporting facts, Petitioner argued that counsel "failed to make necessary objections to the court/solicito[r]s errors during the course of trial" and "failed to file various motion[s] in a timely manner," including a motion for a preliminary hearing. [App. 364.]

The State made a return to Petitioner's PCR application on January 16, 2008. [App. 370–74.] An evidentiary hearing was held on September 22, 2008. [App. 375–412.] At the evidentiary hearing, Petitioner was represented by Susannah Ross, and the PCR court

heard testimony from Petitioner, Wanda Harris ("Harris"), and trial counsel, Hamilton. [*Id*.] On November 3, 2008, the PCR court denied and dismissed Petitioner's PCR application.[1] [App. 413–18.]

On December 1, 2008, Petitioner filed a motion to alter or amend judgment. [App. 419–21.] The State made a return on December 16, 2008 [App. 422–23], and the PCR court denied the motion to alter or amend on February 3, 2009 [App. 424–25].

On July 27, 2009, Robert M. Pachak filed a *Johnson* petition for writ of certiorari on Petitioner's behalf [Doc. 14-2]. The *Johnson* petition raised the following issue: "Whether trial counsel was ineffective in his representation of petitioner?" [Doc. 12-6 at 3.] Certiorari was denied on June 25, 2010. [Doc. 12-7.] The Supreme Court issued remittitur on July 13, 2010. [Doc. 12-8.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on August 11, 2010 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following ground for relief, quoted substantially verbatim:

> Ground One: 6th Amendment 14th Amendment
>
> Supporting Facts: (A) Counsel Failed to make necessary objections to the court and solicitor error during the course of trial (B) Failed to file timely motion for prelim[i]nary hearing that Applicant Request for (10) days notice for a prelim[i]nary hearing. Applicant filed 59(e) on 8-28-2009

[Doc. 1.] As previously stated, Respondent filed a motion for summary judgment on September 30, 2010 [Doc. 11], which is now ripe for review.

---

[1] The Order of dismissal was filed on November 17, 2008. [App. 413.]

3

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

>> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

>> (B) (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C.

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. *Murray*, 477 U.S. at 496.

## DISCUSSION

Respondent acknowledges that Petitioner has exhausted his available state court remedies. [Doc. 12 at 11.] Respondent argues, however, that Petitioner's claims are

procedurally barred because Petitioner did not properly exhaust his state remedies. [*Id.* at 11–13.] The Court agrees.

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence. *Murray*, 477 U.S. at 485, 497. If not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens*, 66 F.3d at 1363.

Although Petitioner raised the issues in this Petition—ineffective assistance of counsel for failing (a) to "make necessary objections to the court and solicitor error during the course of trial" and (b) to "file timely motion for prelim[i]nary hearing"—almost verbatim in his PCR application in state court, the PCR court failed to address these specific claims of ineffective assistance of counsel in its order of dismissal.[3] [*See* App. 413–18.] Because the PCR court failed to address these claims of ineffective assistance of counsel, Petitioner was required to file a timely Rule 59(e) motion requesting that the PCR court make specific findings on all of his claims raised in his PCR application. *See Marlar*, 653 S.E.2d at 267 ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."). Petitioner filed a Rule 59(e) motion following the denial of his PCR application; however, Petitioner's Rule 59(e) motion likewise failed to address his ineffective assistance of counsel claims for failure to object and failure to file

---

[3]In its order of dismissal, the PCR court addressed the following ineffective assistance of counsel allegations: failure to prepare for trial, including failure to properly explain the theory of "accomplice liability" or "the hand of one is the hand of all"; failure to research Petitioner's alleged alibi; and failure to effectively cross-examine Harris at trial. [App. 413–18.]

a motion for preliminary hearing.[4]  [*See* App. 419–21.]  As such, Petitioner's claims of ineffective assistance of counsel for failure to object and failure to file a motion for preliminary hearing are procedurally barred from federal habeas review absent a showing of cause and actual prejudice.  *See Al-Shabazz v. State*, 527 S.E.2d 742, 747 (S.C. 2000) ("After a hearing, the PCR court grants or denies relief by issuing a written order containing findings of fact and conclusions of law.  Either party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." (citations omitted)).

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule.  *Murray*, 477 U.S. at 488.  Petitioner fails to articulate cause for procedurally defaulting on these specific ineffective assistance of counsel claims, instead making the conclusory statement, "the records for the 'PCR' case 2007-CP-23-6962: does not show that the defe[n]dant waive[d] or abando[ned] his issue on record before the PCR court."  [Doc. 15 at 15.].  Petitioner filed a motion to alter or amend in which these issues could have been raised; however, these issues were not raised in Petitioner's motion, even though other issues were properly raised.  Petitioner cannot establish cause and actual prejudice because he abandoned the opportunity to preserve these specific issues.

---

[4]Petitioner's motion to alter or amend specifically addresses the following ineffective assistance of counsel allegations: failure to interview and effectively cross-examine Harris; failure to explain to Petitioner legal terminology key to Petitioner's trial; and failure to request a charge for abandonment.  [App. 419–21.]

14

Liberally construing Petitioner's response in opposition to Respondent's motion for summary judgment, Petitioner appears to argue that he is actually innocent and, therefore, a fundamental miscarriage of justice will occur if the issue is not considered. [Doc. 15 at 3; *see Murray*, 477 U.S. at 496.] A review of the record does not support a showing of actual innocence. Petitioner was found guilty of attempted armed robbery and first degree burglary under a theory of accomplice liability. [*See* App. 358–61.] Harris testified both at trial and at the PCR evidentiary hearing that Petitioner contacted her about setting up a "lick," a term used for a robbery. [App. 64–66, 395.] At trial, Harris testified that Petitioner was present while she and another co-defendant planned the details of the robbery [App. 66–67] and that Petitioner accompanied Harris and the other co-defendant as they walked to the home of the man they planned to rob [App. 68, 93]. Although Harris changed her testimony at the evidentiary hearing—testifying that Petitioner was not present during the planning or attempted execution of the robbery—the PCR court found this testimony was not credible. [App. 417.] Such credibility findings are entitled to deference by this Court. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.") In light of this evidence, Petitioner is unable to demonstrate actual innocence. Petitioner has failed to meet his burden of showing sufficient cause and prejudice or actual innocence to overcome a procedural bar. Therefore, his claims are procedurally barred

from consideration by a federal habeas court and should be dismissed.[5]  *See Murray*, 477 U.S. at 496.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 28, 2011
Greenville, South Carolina

---

[5]The Court notes Petitioner's response in opposition to the motion for summary judgment primarily attacks the indictments in the underlying state criminal case. [*See* Doc. 15.] Although Petitioner failed to challenge the indictments in his Petition [*see* Doc. 1], because Petitioner is proceeding pro se, the Court addresses his challenge to the indictments and finds this claim is procedurally barred.

Under South Carolina law, any objection to an indictment must be made before the jury is sworn. S.C. Code Ann. § 17-19-90; *State v. Fonseca*, 681 S.E.2d 1, 3 (S.C. Ct. App. 2009).  For a time, South Carolina law conflated subject matter jurisdiction and the sufficiency of an indictment such that S.C. Code Ann. § 17-19-90 was not strictly applied.  *See State v. Gentry*, 610 S.E.2d 494, 498–500 (S.C. 2005).  However, in *Gentry*, the Supreme Court held, "[I]f an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards."  *Id.* at 499.

Here, Petitioner failed to challenge the validity and sufficiency of the indictment at trial or on direct appeal.  Instead, Petitioner raised the claim for the first time in his response in opposition to Respondent's motion for summary judgment in this federal habeas Petition.  However, "[i]ssues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."  *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) (citing *Hyman v. State*, 299 S.E.2d 330 (S.C. 1983)).  Because Petitioner did not raise this issue as an ineffective assistance of counsel claim, it is barred from collateral review at the state level, *see id.*, and, therefore, procedurally barred from federal habeas review absent a showing of cause and actual prejudice.  Petitioner has failed to show cause or actual prejudice on this claim.